UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LINDA HUGHES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:22-cv-00723 |
| | § | |
| LIBERTY MUTUAL FIRE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## JOINT REPORT

On September 2, 2022, Aaron L. Mitchell, attorney for Liberty Mutual Fire Insurance Company, Racchel Cabrera, attorney for Linda Hughes, conferred as required by the Court's Order Requiring Scheduling Conference and Report for Contents of Scheduling Order. The parties represent to the Court as follows:

1. **A brief statement of the claims and defenses.**

This lawsuit arises from a dispute about Defendant's handling of Plaintiff's insurance claim for water damage caused by a burst water heater occurring on or about June 14, 2021 at the residence located at 428 County Road 4681, Boyd, Texas 76023.

Plaintiff Linda Hughes ("Hughes") asserts causes of action against Defendant for breach of contract, violations of the Texas Insurance Code 541 and 542, violations of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing. Plaintiff currently seeks actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, treble damages, statutory interest, exemplary damages and attorneys' fees.

Defendant Liberty Mutual Fire Insurance Company ("Liberty") contends it has already paid Plaintiff for all covered damages at her residence in accordance with the policy's terms and conditions and that it has no further obligation to make additional payments to Hughes. After receiving notice of Hughes' water claim, Liberty immediately responded to the notice, timely inspected the property, and issued payment in accordance with the policy's terms and conditions for all covered damages. Liberty denies that it breached the insurance contract with Hughes and denies that it committed any violations of the Texas Insurance Code or the Texas Deceptive Trade Practices Act. Liberty denies Hughes' claims that it breached the duty of good faith and fair

dealing, and denies that Hughes is entitled to any of the damages she seeks in her petition.

**2.      A proposed time limit to file motions for leave to join other parties.**

The parties propose a deadline of **November 8, 2022** to join other parties to this lawsuit.

**3.      A proposed time limit to amend the pleadings.**

The parties propose a deadline of **January 13, 2023** to amend the pleadings.

**4.       Proposed time limits to file various types of motions, including dispositive motions.**

The parties propose a deadline of **September 15, 2023** to file any dispositive motions, including motions for summary judgment.

**5.      A proposed time limit for initial designation of experts.**

The parties propose a deadline of **April 3, 2023** for initial designation of experts.

**6.      A proposed limit for responsive designation of experts.**

The parties propose a deadline of **May 3, 2023** for responsive designation of experts.

**7.      A proposed time limit for objections to experts, including the filing of Daubert or similar motions.**

The parties propose a deadline of **June 5, 2023** for filing objections to experts, including any Daubert or similar motions.

**8.      A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

Plaintiff states that discovery is needed for claims handling practices of Defendant and Plaintiff anticipates the need to depose Defendant's adjusters and experts. The Parties agree to a proposed deadline of **May 3, 2023** to complete discovery and do not propose that discovery be conducted in phases.

Defendant states that discovery may be needed on Plaintiff's alleged damages to her home. Defendant proposes a deadline of **May 3, 2023** for discovery and does not propose that discovery be conducted in phases.

**9.      What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties do not believe any deviations or limitations on discovery beyond what is contemplated by the Court's rules or the local rules, are necessary.

10. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

    The Parties do not believe that the production of ESI is necessary in this case.

11. **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

    The Parties do not anticipate that this case will involve production of privileged materials, other than certain components of the insurance policy at issue, which can be minimally redacted to avoid the disclosure of confidential information.

12. **A proposed trial date, estimated number of days required for trial and whether a jury has been demanded.**

    The Parties propose a trial date of **January 15, 2024**. This will give the parties time to conduct discovery, file any anticipated motions for summary judgment, and to receive rulings on the anticipated motions for summary judgment. Plaintiff has made a jury demand. The parties anticipate trial, if necessary, could be completed in 2-3 days.

13. **A proposed date for further settlement negotiations.**

    The parties believe that an early mediation session could be appropriate for resolving the claims asserted, and propose a deadline of **March 31, 2023** for completion of mediation. In the event the mediation session is not successful, the parties propose that further settlement negotiations take place after the Court has ruled on the anticipated dispositive motions.

14. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

    The parties have no objections, and anticipate that the initial disclosures for the Parties will be completed by **September 30, 2022**.

15. **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray.**

    The Parties do not consent to trial before a Magistrate Judge.

16. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective. If mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

The Parties believe an early mediation session would be appropriate for resolving the claims asserted, and propose a deadline of **March 31, 2023** for completion of mediation. In the event the mediation session is not successful, the parties propose that further settlement negotiations take place after the Court has ruled on the anticipated dispositive motions. The parties recommend Wade McMullen be appointed as mediator.

17. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

    None at this time.

18. **Whether a conference with the Court is desired**.

    The parties do not believe that a conference with the Court is necessary at this time.

19. **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

    None at this time.

**Status Report on Settlement Negotiations**

At the time of the conference, the parties have not engaged in any initial settlement talks.

Respectfully submitted,

*/s/ Aaron L. Mitchell*
**Aaron L. Mitchell**
State Bar No. 14205590
aaronm@tbmmlaw.com
**Kieran W. Leary**
State Bar No. 24108517
kieranl@tbmmlaw.com
**Lori Murphy**
State Bar No. 14701744
Lorim@tbmmlaw.com
**Tollefson Bradley Mitchell & Melendi, LLP**
2811 McKinney Ave., Suite 250
Dallas, Texas 75204
Telephone:   (214) 665-0100
Facsimile:    (214) 665-0199
**ATTORNEYS FOR DEFENDANT**

*/s/ Racchel D. Cabrera*
Shaun W. Hodge
State Bar No. 24052995
shodge@hodgefirm.com
Racchel D. Cabrera
State Bar No. 24109093
rcabrera@hodgefirm.com
The Hodge Law Firm, PLLC
The Historic Runge House
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on September 6, 2022, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure upon all counsel of record.

*/s/ Aaron L. Mitchell*
Aaron L. Mitchell
